UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MICHAEL REEVES,

                Petitioner,

-against-

PAM BONDI, in her official capacity as the U.S. Attorney General and head of the United States Department of Justice (DOJ); KASH PATEL, in his official capacity as the Director of the FBI; TULSI GABBARD, in her official capacity as the Director of National Intelligence (DNI),

                Respondents.

1:25-CV-3403 (LTS)

TRANSFER ORDER

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Michael Reeves, of Brooklyn, Kings County, New York, who appears *pro se*, styles his initial pleading for this action as a petition for a writ of *habeas corpus*. He does not allege anything to suggest, however, that he is currently in custody – the basis of such custody is what is challenged in such a petition. *See* 28 U.S.C. § 2241(c)(3). Rather, he alleges that federal government officials are conducting illegal surveillance of him, which he describes as his "unusual detention."[1] (ECF 1, at 1-2.) The relief that he seeks in this action appears to be the cessation of that surveillance. Reeves sues, in their respective official capacities: (1) Pam Bondi, the Attorney General of the United States; (2) Kash Patel, the Director of the Federal Bureau of Investigation; and (3) Tulsi Gabbard, the Director of National Intelligence. For the following reasons, the Court transfers this action to the United States District Court for the Eastern District of New York.

---

[1] The Court construes Reeves's subsequently filed submissions in this action (ECF 6-11) as supplements to his initial pleading.

**DISCUSSION**

The appropriate venue provision for this action is found at 28 U.S.C. § 1391(e)(1), which provides that, unless otherwise provided by law, any civil action brought against a federal official acting in his or her official capacity must be brought in:

> any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action.

28 U.S.C. § 1391(e)(1).

Reeves does not allege where Bondi, Patel, and Gabbard reside, so it is unclear whether this court is a proper venue for this action under Section 1391(e)(1)(A). He does seem to allege, however, that a substantial part, if not, all of the alleged events, that is, the Government's alleged illegal surveillance of him, has occurred while he has been in and around his residence, in Brooklyn, Kings County, New York. Kings County lies within the Eastern District of New York. *See* 28 U.S.C. § 112(c). Reeves also alleges, however, that "[t]he circumstances leading to his unusual detention took place in this [judicial] district," "[h]e was placed under illegal detention in this [judicial] district," and that "[h]e has remained under the illegal detention from this [judicial] district as he traveled across multiple states."[2] (ECF 1, at 5.) Yet, Reeves alleges little or no facts supporting these contentions. Thus, while it remains unclear whether this court is a proper venue for this action under Section 1391(e)(1)(B), it is clear that the United States District Court for the Eastern of New York is a proper venue for this action under that provision. In addition, because Reeves resides in Brooklyn, Kings County, within the Eastern District of New

---

[2] This judicial district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b).

York, *see* § 112(c), and there does not appear to be any real property involved in this action, the United States District Court for the Eastern District of New York, and not this court, is a proper venue for this action under Section 1391(e)(1)(C) as well.

Under 28 U.S.C. § 1404(a), even if an action is filed in a federal district court where venue is proper, that court may transfer the action to any other federal district court where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Transfer of this action, pursuant to Section 1404(a), to the United States District Court for the Eastern District of New York, appears to be appropriate. The alleged events that are the basis for this action appear to have occurred, in total or large part, in Brooklyn, Kings County, New York, within the Eastern District of New York, where Reeves resides. Thus, it is reasonable to expect that relevant documents and witnesses would also be located within that judicial district. The United States District Court for the Eastern District of New York, therefore, appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to that court. *See* § 1404(a) *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts

have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Eastern District of New York. *See* 28 U.S.C. § 1404(a). Whether Reeves should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. Summonses shall not issue from this court. This order closes this action in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   May 14, 2025
         New York, New York

                                    /s/ Laura Taylor Swain
                                      LAURA TAYLOR SWAIN
                                      Chief United States District Judge